UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

PAUL G. HOUS E, )
 )
       Petitioner, )
v. ) 3:96-cv-883
 )
 ) Judge Mattice
RICKY BELL, Warden, )
 )
       Respondent. )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus under 28 U.S.C. § 2254; the petitioner is presently incarcerated on death row. The court granted in part and denied in part petitioner's motion for summary judgment, and granted petitioner a conditional writ of habeas corpus which would result in the vacation of his conviction and sentence unless the State of Tennessee commenced a new trial against him within 180 days after the judgment became final. The respondent filed a timely notice of appeal together with a motion to stay enforcement of the court's judgment pending appeal.[1] Petitioner filed a notice of cross appeal and, in response to the motion for stay, a motion for release from custody pending appeal.

The court conducted a hearing on the pending motions on February 28, 2008, during which the court heard the testimony of witnesses and oral argument by

---

[1]Pursuant to Rule 8 of the Federal Rules of Appellate Procedure, a party is required to move first in the district court for a stay of judgment pending appeal.

counsel for the parties. The court took the matter under advisement and gave the parties until March 10, 2008 to file simultaneous briefs on the issues discussed during the hearing. The court was also informed during the hearing that the United States Court of Appeals for the Sixth Circuit had granted the respondent's motion for an expedited appeal; the court has recently been informed that oral argument on the respondent's appeal has been scheduled for April 30, 2008. For the following reasons, and on the conditions set forth below, both respondent's motion for stay and petitioner's motion for release from custody pending appeal will be **GRANTED**.

This court's grant of a conditional writ was consistent with the federal practice to "delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). Nevertheless, Rule 23(c) of the Federal Rules of Appellate Procedure provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must -- unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise -- be released on personal recognizance, with or without surety." There is, therefore, a "presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Hilton*, 481 U.S. at 777.

In *Hilton*, the Supreme Court held that a federal court should consider the following factors in deciding whether to stay an order granting habeas corpus relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. The State concedes that it bears the burden of proof on its motion to stay.

A federal court should also take into consideration "the possibility of flight" and may consider the risk that petitioner may "pose a danger to the public if released." *Id.* at 777. A court may also consider the interest of the State in "continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.*

The ultimate determination "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* at 778. "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible" if the State will be irreparably injured absent a stay and the public interest counsels in favor of a stay. *Id.* If the State fails to make such a showing, the stay should be denied. *Id.*

3

In its motion to stay, the State contends that there is a reasonable likelihood it will prevail on appeal, given what it considers to be deficiencies in this court's analysis of petitioner's motion for summary judgment. The court disagrees. The court found that petitioner is entitled to a new trial on all the evidence, a decision not inconsistent with the opinion of the Supreme Court. *See House v. Bell*, 126 S. Ct. 2064, 2086 (2006) ("[T]his is the rare case where — had the jury heard all the conflicting testimony — it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt."). In addition, it appears that the State now concedes as much, as evidenced by the comment of the State's attorney during the hearing on the motions to stay and for release: "So, I guess, our position is that are we able to stand before you and say that there is substantial likelihood that we're going to prevail, probably not, ...." [Court File No. 358, Transcript of Motion Hearing, p. 6].

The State also contends that it risks irreparable harm absent a stay, given the fact that petitioner is facing a death sentence. The State stresses its interest and that of the public in the finality of its criminal judgments. This court is keenly aware that the State of Tennessee and its citizens have a strong interest in enforcing its criminal judgments and in defending the integrity of its judicial system. "Our federal system recognizes the independent power of a State to articulate societal norms through criminal law; but the power of a State to pass laws means little if the State cannot enforce them." *McCleskey v. Zant*, 499 U.S. 467, 491 (1991).

4

Nevertheless, there is a competing interest which the court must consider. While the public has an interest in having the State's judgments enforced, the public also has a compelling interest in the State not continuing to incarcerate individuals who have not been accorded their constitutional right to a fair trial. Citizens will not have confidence in the criminal justice system unless they are convinced that the system is compliant with constitutional norms. The federal writ of habeas corpus monitors the State's compliance with constitutional law; this, in turn, inspires the public's confidence in the criminal justice system.

The State of Tennessee does not have a defensible interest in the continued incarceration of an individual whose conviction was obtained in violation of the U.S. Constitution. The petitioner in this case has been incarcerated for 22 years as the result of a trial which this court, as well as the Supreme Court of the United States, has determined to have been fundamentally unfair.

Finally, the State contends that the public interest weighs heavily in favor of a stay. As the State notes, if the court's judgment is not stayed, petitioner would be subject to release unless the State commences a new trial before its appeal is concluded. According to the State, petitioner's background demonstrates a propensity for violent criminal conduct such that he would be a danger to the public if released. The State also raises this argument in its response to petitioner's motion for release pending appeal, as well as the argument that petitioner presents a flight risk.

5

Petitioner now suffers from an advanced case of multiple sclerosis, is unable to walk, and has been confined to a wheelchair for the past several years. His treating physician, Dr. Madubueze Nwozo, testified at the February 28 hearing that petitioner has poor gait and poor balance and thus cannot walk or stand on his own. He has weakness in all of his muscle groups, with more in the legs than the upper body. Petitioner can transfer himself in and out of his wheelchair, but does need assistance with bathing and his weekly injection of beta interferon. At this point, his condition is stable and, other than not being able to walk or bath himself, he has no other physical limitations. Travel for petitioner, while not impossible, would be difficult and would require the assistance of others. [Court File No. 358, Transcript of Motion Hearing, pp. 19-36].

Petitioner's mother, Joyce House, testified that she lives in her own home in Crossville, Tennessee, and is prepared to care for her son should he be released pending appeal. She has taken a course on caring for a wheelchair-bound individual. She denied that she would in any way assist petitioner in fleeing the jurisdiction of the court and testified that there is no other person who would help petitioner escape. She would further assist her son in complying with any conditions of release imposed by the court, including electronic monitoring. Also, friends of hers in Crossville have volunteered to stay with petitioner while Ms. House is at work and to provide physical therapy and medical care on a pro bono basis. [*Id.* at 51-60].

The court finds that, with the imposition of appropriate conditions of release, petitioner presents neither a danger to the public nor a flight risk.

Finally, the State contends that petitioner is not entitled to bail under Tennessee law because he faces a retrial for a capital offense. Tennessee law, however, does not prohibit bail in capital cases; rather, the law shifts the burden to the prisoner to establish a right to bail. *Shaw v. State*, 47 S.W.2d 92, 93 (Tenn. 1932). One of the considerations is whether there is evident proof of the prisoner's guilt. *Id.* As noted above, in this case the proof of petitioner's guilt under all the evidence is subject to substantial question.

Under the circumstances, the State has failed to convince the court that petitioner should not be released pending appeal. The court recognizes that the State of Tennessee has the right to appeal to the Sixth Circuit this court's decision granting the conditional writ of habeas corpus. The State has, however, chosen a course of legal action which carries with it the very real potential to preclude petitioner's release or retrial for an extended period of time. The State–and not Mr. House–must bear the consequences of this chosen course of action.

The court finds that it would be a waste of judicial resources to require the State to retry petitioner in state court while simultaneously pursuing an appeal to the Sixth Circuit. Accordingly, the court will **ORDER** that the State's motion for stay pending appeal be **GRANTED** and the court's Memorandum and Order granting a

7

conditional writ of habeas corpus will be **STAYED PENDING DISPOSITION OF APPEAL** by the United States Court of Appeals for the Sixth Circuit.

The court will further **ORDER** that if the Sixth Circuit Court of Appeals affirms this court's judgment granting a conditional writ of habeas corpus, the stay shall be lifted automatically, and the State must **COMMENCE A NEW TRIAL WITHIN 180 DAYS** of the disposition of the appeal or petitioner shall be unconditionally released.

The court will **FURTHER ORDER** that petitioner's motion for release pending appeal be **GRANTED**. The matter **WILL BE REFERRED** to the United States Pretrial Services Agency for its investigation and recommendation as to the appropriate conditions for petitioner's release. The United States Pretrial Services Agency shall made its recommendations to the court and the parties on or before April 30, 2008. This matter will be **SCHEDULED** for a hearing on May 28, 2008, to consider the terms and conditions of petitioner's release. The court will designate the time and place of the hearing in a subsequent order.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                     */s/Harry S. Mattice, Jr.*
                                                                    HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE