UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PAUL G. HOUSE,                          )
                                        )
            Petitioner,                 )
v.                                      )        3:96-cv-883
                                        )        *Mattice/Carter*
                                        )
RICKY BELL, Warden,                     )
                                        )
            Respondent.                 )

## MEMORANDUM

This is a petition for the writ of habeas corpus under 28 U.S.C. § 2254; the petitioner is presently incarcerated on death row. The court granted in part and denied in part petitioner's motion for summary judgment, and granted petitioner a conditional writ of habeas corpus which would result in the vacation of his conviction and sentence unless the State of Tennessee commenced a new trial against him within 180 days after the judgment became final. The respondent filed a timely notice of appeal together with a motion to stay enforcement of the court's judgment pending appeal. Petitioner filed a notice of cross appeal and, in response to the motion for stay, a motion for release from custody pending appeal.

After a hearing on February 28, 2008, during which the court heard the testimony of witnesses and oral argument by the parties, and after subsequent briefing by the parties, the court granted both motions by order entered April 7, 2008. The court ordered that

enforcement of the conditional writ of habeas corpus would be stayed pending appeal, and that, if the Sixth Circuit Court of Appeals affirmed the judgment granting a conditional writ of habeas corpus, the stay would be automatically lifted and the State would have 180 days after the disposition of the appeal to commence a new trial or petitioner would be unconditionally released.

With respect to the granting of the motion for release, the court referred the matter to the United States Pretrial Services Agency for its investigation and recommendation as to the appropriate conditions for petitioner's release; that agency submitted it's recommendations on May 5, 2008, to which petitioner has filed his objections. The court scheduled a hearing for May 28, 2008, to consider the terms and conditions of petitioner's release.

In the meantime, the Sixth Circuit granted the respondent's motion for an expedited appeal and scheduled oral argument for April 30, 2008.[1] Five days later, on May 5, 2008, the Sixth Circuit issued its opinion affirming this court's granting of the conditional writ of habeas corpus. *House v. Bell*, Nos. 08-5107/08-5108 (6th Cir. May 27, 2008) (mandate issued). The State has acknowledged that it will not appeal that decision to the Supreme Court nor will it seek en banc review in the Sixth Circuit. Thus, the appeal of this court's order is concluded.

---

[1] Oral argument on the expedited appeal was originally scheduled for June 11, 2008, but then moved up to April 20, 2008.

As a result of the Sixth Circuit's opinion, petitioner has filed a motion, as amended, to reconsider and/or clarify the court's order of April 7, 2008, as well as a motion for an order enforcing the writ. Petitioner asks the court to vacate the April 7 order as moot, and to issue an order enforcing the writ and barring the re-prosecution of petitioner. Petitioner argues that the State's motion for stay is moot now that the appeal is over. He further argues that the State is not entitled to additional time to commence a new trial beyond the 180 days set forth in the original order granting a conditional writ of habeas corpus.

With respect to his motion to enforce the writ and bar further prosecution, petitioner argues that the State has been devoting resources to, and preparing for, a retrial during the appeal process, without affording petitioner a fair opportunity to do the same. According to petitioner, while the State has been preparing for retrial, the State has taken no steps to provide petitioner with the means necessary to a fair trial, such as appointment of competent counsel and funds for investigational and expert services.

This court's order granting the stay was premised on the notion that "it would be a waste of judicial resources to require the State to retry petitioner in state courts while simultaneously pursuing an appeal to the Sixth Circuit." [Court File No. 364, Memorandum, p. 7]. Petitioner thus argues that the purpose of the writ has been frustrated and, based upon the State's misconduct, he is entitled to an absolute writ of habeas corpus which bars his further prosecution.

In response, the State contends that the court's authority to release petitioner is confined to the appeal period, which has concluded, and therefore the court should terminate further proceedings on petitioner's motion for release pending appeal. The State further argues that petitioner's motion to reconsider the granting of a stay is moot. As to petitioner's motion for a writ barring a retrial, the State contends this court lacks jurisdiction to do so. Finally, the State argues that petitioner is in the procedural posture of a pre-trial detainee, entitled to seek bail from the state trial court, and therefore this court lacks any further jurisdiction over his custody. The State does concede that the court retains jurisdiction with respect to whether the State has complied with the terms of the conditional writ of habeas corpus.

At the May 28, 2008 hearing which was originally scheduled for consideration of conditions of release, and on oral notice to the parties, the court heard argument on petitioner's motion to reconsider. The court finds that the State has not acted abusively in this case. In any event, petitioner is not entitled to an absolute writ of habeas corpus because the constitutional defect found by the court is not incurable. The State is likewise in error in its argument that the court lacks jurisdiction over petitioner's continued custody. As the Sixth Circuit explained in *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006):

> In the first place, the sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life. District courts rightly favor conditional grants, which provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns. "[C]ourts may delay the release of a successful habeas petitioner in order to provide the State an

opportunity to correct the constitutional violation found by the court."Absolute grants are therefore generally limited to situations where the nature of the error is simply incurable, such as a conviction under an unconstitutional statute. Conditional grants of writs of habeas corpus are final orders, exactly like absolute grants, and they ordinarily and ideally operate automatically, that is, without the need for the district court to act further.

> Nevertheless, district courts retain jurisdiction to execute a lawful judgment when it becomes necessary. "If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur. Ordinarily, the only task that remains for the district court is the execution of judgment." "A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner." On the other hand, when a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter.

*Id*. at 692 (quoting, respectively, *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Phifer v. Warden*, 53 F.3d 859, 862 (7th Cir. 1995); and *Satterlee v. Wolfenbarger*, 2005 WL 2704877 at *2 (E.D. Mich. Oct. 19, 2005) (unpublished decision), *aff'd in part*, 453 F.3d 362 (6th Cir.2006)) (internal citations omitted). *See also Satterlee v. Wolfenbarger*, 453 F.3d at 369 n.5 (conditional grants of the writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner"); *Bates v. Bell*, 2007 WL 2402923 at *2 (E.D. Tenn. Aug. 20, 2007) (unpublished decision) ("A state's failure to act or cure the constitutional defect identified in a conditional habeas court order by the deadline set in the order justifies issuance of the writ and the remedy specified [i.e., release, nullification of conviction or sentence, etc.].").

Under the circumstances, petitioner's amended motion to reconsider will be **GRANTED** to the extent the court's order of April 7, 2008, in which the motions to stay and for release were granted, will be **VACATED** and those motions will be **DENIED** as **MOOT**. The court's original order granting a conditional writ of habeas corpus will be **REINSTATED**. That order was entered December 20, 2007; 180 days from that date is June 17, 2008. Accordingly, the State shall have until **JUNE 17, 2008**, to commence the process leading to a new trial against petitioner or petitioner shall be unconditionally released at that time. Petitioner's motion for an order enforcing the writ and barring re-prosecution will be **DENIED**.

With respect to the commencement of a new trial, the court's order was intended to comprehend all aspects of a re-prosecution. *See Bates v. Bell*, 2007 WL 2402923 at *2 (E.D. Tenn. Aug. 20, 2007) (unpublished decision) ("a district court is in the best position to construe its own orders"). Therefore, under all the circumstances of this case, so long as the State takes affirmative steps to commence and diligently and expeditiously pursue the re-prosecution of petitioner by June 17, 2008 (such as the appointment of defense counsel, the setting of bail, and the setting of a trial date), the State will be in substantial compliance with the court's order.[2]

---

[2] District Attorney General William Paul Phillips of the Eighth Judicial District of Tennessee appeared at the hearing of this matter and advised the court that the Criminal Court for Union County, Tennessee, has ordered petitioner's appearance before that court on June 6, 2008 to ascertain the status of Petitioner's representation by counsel and to be admitted to bail; if petitioner is unable to make bail, he will continue in the custody of the Tennessee Department of Correction, instead of the Union County Jail, based upon his

It is important to note that, should the State fail to commence the re-prosecution by June 17, 2008, and petitioner is unconditionally released, such release does not bar the State from further criminal proceedings against petitioner; there is no statute of limitation on first degree murder in the State of Tennessee. Tenn. Code Ann. § 40-2-101(a); *State v. Rogers*, 992 S.W.2d 393, 401 (Tenn. 1999) (footnote omitted). A federal habeas corpus court does not have jurisdiction "to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." *Pitchess v. Davis*, 421 U.S. 482, 490 (1975). For that reason, while "a district had jurisdiction to grant habeas corpus relief, the district court did not retain jurisdiction *after* habeas relief was granted." *Osborn v. Shillinger*, 1991 WL 65006 at *2 (10th Cir. April 24, 1991) (unpublished decision) (citing *Pitchess*, 421 U.S. at 490). The grant of habeas corpus by this court and petitioner's unconditional release simply means that petitioner's prior conviction for murder has been vacated, is null and void, and that petitioner is no longer subject to confinement as a result of said conviction.

Petitioner states his intention to file an immediate appeal of this decision, and has made in open court an oral motion to stay the enforcement of this Memorandum and accompanying Order pending appeal, and an oral motion for his release pending appeal.

---

health. (See Exhibits 1 & 2, Orders of the Criminal Court for Union County, Tennessee, entered May 22, 2008). If the State acts as General Phillips represented, the court will view the State's conduct as being in substantial compliance with this court's December 20, 2007 order. General Phillips further advised this court that the State will not seek the death penalty for petitioner.

Petitioner's motion for a stay represents a change from his prior position that his re-trial should occur as expeditiously as possible. The thrust of the court's December 20 order, the thrust of the court's April 7 order (under the circumstances at the time), and the thrust of the Sixth Circuit's opinion have all been to move the process of a re-trial forward as quickly as possible. This court is unwilling to do anything that would further delay the re-trial in this matter. Accordingly, petitioner's motions to stay and for release pending appeal will be **DENIED**.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                   */s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE